IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

PNC BANK, NATIONAL ASSOCIATION,

                    Plaintiff,                  Case No. 3:10 CV 1976

        -vs-

                                              MEMORANDUM  OPINION

MICHAEL S. OSWALD, et al.,

                    Defendant.

KATZ, J.

This matter is before the Court on the motion (Doc. 17) of Plaintiff, PNC Bank N.A., to dismiss defendant Michael Oswald's counterclaims pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.  The motion will be granted.

**I. Factual Background**

In this case, Plaintiff brings claims against Oswald and another defendant, Peter Karfias, who are alleged to be guarantors of a multi-million dollar loan made by Plaintiff's predecessor, National City Bank, to Page Distribution Inc., of which Oswald was the President and Chief Executive Officer.  Page Distribution defaulted on a Forbearance Agreement with National City, and National City thereafter obtained a judgment against Page Distribution on March 9, 2009 in the amount of $9.8 million, plus ongoing interest and expenses.  A receiver was appointed for Page Distribution to marshal and liquidate its assets.

Plaintiff seeks compensatory damages arising from alleged guaranty agreements, as well as compensatory and punitive damages from defendants' alleged fraudulent conduct.  This Court's jurisdiction is invoked pursuant to diversity of citizenship.  In his Answer, Oswald asserts counterclaims against Plaintiff for breach of fiduciary duty and breach of duty of good faith, which Plaintiff now moves to dismiss.

**II. Standard of Review**

Fed.R.Civ.P. 12(b)(6) provides for dismissal of a lawsuit for "failure to state a claim upon which relief can be granted." Courts must accept as true all of the factual allegations contained in the complaint when ruling on a motion to dismiss. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). To survive dismissal, a complaint must contain enough factual material to state a claim "that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). Conclusory allegations or legal conclusions masquerading as factual allegations will not suffice. *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007). Nor is it enough for the complaint to state facts that are "merely consistent with a defendant's liability." *Iqbal*, 129 S.Ct. at 1949. Rather, the complaint's "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true.'" *Ass'n of Cleveland Fire Fighters v. City of Cleveland*, *Ohio*, 502 F.3d 545, 548 (6th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555).

The term "plausible," as used in *Twombly* and *Iqbal*, is to be understood in a peculiarly narrow sense, and does not refer to the likelihood that the plaintiff will be able to prove a particular allegation. See *Iqbal*, 129 S.Ct. at 1951 ("To be clear, we do not reject these bald allegations on the ground that they are unrealistic or nonsensical."); *Twombly*, 550 U.S. at 556 ("[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable."). Rather, the Court meant the term to refer to the plausibility of the plaintiff's legal theories, when considered in light of the factual allegations in the complaint.

**III. Discussion**

*A. Breach of Fiduciary Duty*

Oswald's first counterclaim asserts that Plaintiff, a bank, breached its fiduciary duty to him.  Plaintiff seeks dismissal of this claim on the ground Oswald has failed to allege facts indicating the existence of a fiduciary relationship between Plaintiff and Oswald.  The Court agrees.

It has long been Ohio law that "a debtor-and-creditor relationship does not generally create a fiduciary relationship."  *Groob v. KeyBank*, 108 Ohio St.3d 348, 351 (2006); see also *Umbaugh Pole Bldg. Co. v. Scott*, 58 Ohio St.2d 282, 286 (1979) ("The relationship of debtor and creditor without more is not a fiduciary relationship.").  Therefore, Ohio law does not recognize a fiduciary duty between a bank and its customer absent "special circumstances."  *Groob*, 108 Ohio St.3d at 353.

In this case, Oswald has failed to plead facts plausibly suggesting that he had a fiduciary relationship with Plaintiff.  Indeed, Oswald's Answer refers to his and Page Distribution's relationship with Plaintiff as a "debtor relationship" (Doc. 8 ["Oswald Answer"] at ¶ 115), a "commercial financing relationship" (*id*. at ¶ 118), or a "lending relationship" (*id*. at 129).  While Oswald's Answer does reflect that Plaintiff reviewed financial information in connection with commercial lending transactions involving Oswald and Page Distribution, and provided advice and assistance with regard to those transactions, there is nothing suggesting that Oswald had a "special relationship of trust and confidence" with Plaintiff beyond that of an ordinary creditor and debtor. Cf. *Umbaugh Pole Bldg. Co.*, 58 Ohio St.2d at 287 (finding "the offering and giving of advice" by a lending institution to its customer "insufficient to create a fiduciary relationship" because "[w]hile the advice was given in a congenial atmosphere and in a sincere effort to help the

3

[customer] prosper, nevertheless, the advice was given by an institutional lender in a commercial context in which the parties dealt at arms length, each protecting his own interest.").

Oswald's first counterclaim, therefore, will be dismissed.

### B. Breach of Duty of Good Faith

Oswald's second counterclaim is for breach of duty of good faith.

Under Ohio law, 'breach of duty of good faith' is not an independent cause of action distinct from a breach of contract claim.  "Parties to a contract are bound toward one another by standards of good faith and fair dealing. However, this does not stand for the proposition that breach of good faith exists as a separate claim. Instead, good faith is part of a contract claim and does not stand alone." *Pappas v. Ippolito*, 177 Ohio App.3d 625,642 (2008) (internal quotation marks and citation omitted).  Thus, a duty of good faith is implied in the contract itself, but does not furnish the basis for additional claims.

In his response to Plaintiff's motion to dismiss, Oswald urges that his 'breach of duty of good faith' claim be understood by the Court as a breach of contract claim.  Even viewing this claim as one for breach of contract, however, it still must be dismissed.  Oswald's counterclaim alludes vaguely to "representations" made by Plaintiff "upon which he relied" to the effect that "(Oswald) would have nothing to worry about from the Bank should Page Distribution's loan to the Bank not be fully repaid."  (Oswald Answer at ¶ 147).  But Oswald's Answer cannot be plausibly read to assert that these "representations" actually constituted a binding verbal agreement with Plaintiff to release him from his alleged loan obligations.

**IV. Conclusion**

For the foregoing reasons, Plaintiff's motion (Doc. 17) is granted, and Oswald's

counterclaims are dismissed.

IT IS SO ORDERED.

                                             s/ *David A. Katz*
                                         DAVID A. KATZ
                                         U. S. DISTRICT JUDGE